UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

PATRICK O'REILLY MALOY,

              Debtor.

Case No. DG 26-00023
Chapter 13
Hon. Scott W. Dales

_____

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

I.        INTRODUCTION

A dispute regarding homeowner association ("HOA") dues between the HOA, Duna Vista Resort ("DVR"), and Patrick O'Reilly Maloy (the "Debtor") ran its course in Michigan's Oceana County Circuit Court, resulting in a judgment recognizing DVR's HOA lien against Mr. Maloy's residence, and authorizing a foreclosure sale of the real property commonly known as 9394 N. Montgomery Blvd., Pentwater, Michigan (the "Property"), to satisfy the underlying debt. *See* Claim No. 3-2, Exh. 2, at pp. 57-59 (the "Judgment"). Mr. Maloy lodged an appeal with the Michigan Court of Appeals, but after the appeals court denied a stay of enforcement, he pivoted by filing a voluntary chapter 13 petition in this court on the eve of the scheduled judicial foreclosure sale. The filing of the petition automatically stayed the foreclosure sale and shifted his dispute with DVR to this court.

DVR filed and amended its Proof of Claim (Claim No. 3-2) (the "Proof of Claim") seeking to recover $70,913.75 in HOA fees, late fees, and attorneys' fees, and Mr. Maloy objected on the grounds that: (1) the original Proof of Claim is fatally flawed because of a typographical error in the case number and; (2) DVR's claim is time-barred (either by statute or laches), and is tainted

by alleged irregularities and errors before the Oceana County Circuit Court. *See* Debtor's Objection to Proof of Claim for Duna Vista Resorts Filed March 17, 2026 (ECF No. 70); Debtor's Objection to Duna Vista Resorts' Amended Proof of Claims (3-2) Dated May 5, 2026 and Supplement to Debtor's Objections dated May 1, 2026 (3-1) (ECF No. 93); Debtor's Objection to Proof of Claim for Duna Vista Resorts (3-3) (ECF No. 105); Second Supplemental Brief in Support of Debtor's Combined Objections (Docket Nos. 70 and 93) to Duna Vista Resorts' Proofs of Claims (3-1) and (3-2) and Notice of Adoption and Incorporation by Reference (ECF No. 121).[1] In addition to seeking disallowance of DVR's claim under § 502(b),[2] Mr. Maloy seeks to reclassify the claim as unsecured (asking this court to avoid the lien as unperfected), strike the Judgment, and take other steps to remove what he considers to be "over 200" clouds on his title to the Property.

DVR has responded to Mr. Maloy's Objection, and the court set the matter for hearing on July 22, 2026. *See* Response to Debtor's Objection to Duna Vista Resorts' Proof of Claim and Request for Hearing (ECF No. 87); Response to Debtor's Objection to Duna Vista Resorts' Proof of Claim No. 3-2 and Second Supplemental Brief (ECF No. 122). At the hearing, DVR appeared through counsel; the Debtor, for himself, also appeared. At the conclusion of the hearing, the court took the matter under advisement.

## II.     JURISDICTION

The United States District Court has jurisdiction over Mr. Maloy's chapter 13 bankruptcy

---

[1] DVR formally withdrew Proof of Claim No. 3-3 so the court regards Proof of Claim No. 3-2 as the operative document. *See* Withdrawal of Amended Claim No. 3-3 (ECF No. 86) and Notice of Withdrawal of Proof of Claim and Deadline to Object to Proposed Withdrawal (ECF No. 89). The court will refer to ECF Nos. 70, 93, 105 and 121 collectively as the "Objection."

[2] In the text of this opinion, references to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532, unless otherwise specified. References to any of the federal procedural rules simply as "Rule __," relying on the numbering conventions to identify the appropriate ruleset.

case but has referred the case and related proceedings to the United States Bankruptcy Court. *See* 28 U.S.C. § 1334(a) (bankruptcy jurisdiction vested in the District Court); 28 U.S.C. § 157(a) (District Court may refer bankruptcy jurisdiction to the Bankruptcy Court); W.D. Mich. LGenR 3.1 (referral). The Objection to DVR's Proof of Claim creates a contested matter qualifying as a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) which the court "may hear and determine" with a final order under § 157(b)(1).

Although the court has authority to resolve Mr. Maloy's Objection, it lacks jurisdiction or power to grant relief from, reverse, vacate or otherwise modify judgments or orders of the state courts, as explained below regarding the *Rooker-Feldman* doctrine.

III.     ANALYSIS

A.     <u>Standing and General Principles</u>

Mr. Maloy, whose monthly chapter 13 payments and home equity will rise or fall depending on the court's decision about DVR's Proof of Claim, is undoubtedly a party in interest with a pecuniary stake in the payment (or not) of DVR's Proof of Claim. He certainly may seek disallowance of the claim under § 502(b), and the court will address the merits of that portion of his objection.

Under the Bankruptcy Code, DVR's Proof of Claim is "deemed allowed" unless a party in interest objects. 11 U.S.C. § 502(a). The applicable rule explains that a proof of claim "signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). DVR supported its claim with a copy of the Judgment, an itemization of HOA dues and attorneys' fees, and various other documents, as noted above, and thus arrived on the claims register with the wind at its back. *In re EH Liquidating, Inc.*, Case No. 22-90006-SWD, 2023 WL 2637283, at *3 (Bankr. W.D. Mich. Mar. 24, 2023) (describing

presumption as a "tailwind").

As the objecting party, Mr. Maloy has the burden of offering sufficient evidence to rebut the presumption of validity, by a preponderance of the evidence comparable to the contents of the claim. *In re Banks*, Case No. 25-20315-DOB, 2026 WL 1682163, at *2 (Bankr. E.D. Mich. June 9, 2026) (citations omitted).

To overcome the presumption of Rule 3001(f), Mr. Maloy must offer more than a mere unsubstantiated objection to form. *Id*. (citing *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000)). If Mr. Maloy's proffer suffices to refute at least one of the allegations essential to the legal sufficiency of DVR's Proof of Claim, the burden of persuasion shifts back to DVR, and the presumption under Rule 3001(f) vanishes like a bursting bubble. *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004).

B.      Limits on Relief Under Rule 3007(b) and the *Rooker-Feldman* Doctrine

As the court previously noted, much of the relief that Mr. Maloy seeks in this Objection falls outside the ambit of the claim objection process or the court's jurisdiction.

First, Mr. Maloy and his Objection collide with several express prohibitions that Rule 3007(b) prescribes. For example, in seeking to avoid DVR's lien as unperfected -- usually the province of a trustee -- or void DVR's lien under non-bankruptcy law, Mr. Maloy ignores the limits of Rule 3007(b), which the court previously called to his attention. *See* Fed. R. Bankr. P. 3007(b) ("In objecting to a claim, a party in interest must not include a demand for a type of relief specified in Rule 7001 but may include the objection in an adversary proceeding."); *see also* Fed. R. Bankr. P. 7001(b) ("the following are adversary proceedings... a proceeding to determine the validity, priority, or extent of a lien or other interest in property—except a proceeding under Rule 3012 or Rule 4003(d)"); *see also* Order dated May 8, 2026 (ECF No. 74) at p. 2 (citing Rules 3007(b) and

7001(b)).  Although disallowance of a claim may indirectly invalidate a lien by operation of law under § 506(d) because a lien cannot support an invalid claim, he may not directly pursue lien avoidance in a contested matter, such as a claim objection.  A lien is an interest in property, and the Bankruptcy Rules generally require the more robust procedures of an adversary proceeding before affecting property interests.  Fed. R. Bankr. P. 7001(b).  Accordingly, to the extent Mr. Maloy seeks through his Objection an order directly avoiding or otherwise invalidating DVR's lien or determining the validity or extent of any interest in the Property, the court will deny that relief for procedural reasons.[3]

Second, to the extent Mr. Maloy seeks this court's review of (and an order "striking") the Judgment, the court lacks jurisdiction to grant that relief, even given the pendency of Mr. Maloy's appeal before the Michigan Court of Appeals, as the United States Supreme Court recently held. *See T.M. v. University of Maryland Medical System Corporation*, 146 S. Ct. 1739, 1752 (2026) (*Rooker-Feldman* bars federal trial court review of state court orders, regardless of whether the state-court judgment remains subject to further review in state appellate proceedings); *see also Snisko v. BMO Harris, N.A. (In re Snisko)*, Adv. No. 25-00398, 2026 WL 2137948, at *10 (Bankr. N.D. Ill. July 23, 2026) (finding that a foreclosure judgment, though not final in the context of the overall litigation before the state courts, is still subject to *Rooker-Feldman*).  Again, Mr. Maloy has a ready avenue of review in the Michigan Court of Appeals, available upon this court's lifting of the automatic stay and on motion in the appellate court.  The court will deny without prejudice his challenge in the nature of review of, or appeal from, the Judgment.

---

[3] Mr. Maloy filed an adversary proceeding challenging DVR's interests on July 23, 2026, captioned as *Maloy v. Duna Vista Resorts*, Adv. No. 26-80066, but many of the conclusions the court reaches today will reverberate in the adversary proceeding under preclusion doctrines akin to those at issue in the Objection.

C.        Amendment of DVR's Miscaptioned Proof of Claim

Turning to the substance of Mr. Maloy's Objection, the argument that DVR's error in listing the case number in the caption invalidates the Proof of Claim requires little discussion.  In a nutshell, Mr. Maloy argues that because DVR's initial iteration of its claim erroneously listed his case number as "25-00023" rather than the correct case number, "26-00023," the court should disallow the original Proof of Claim.  The argument continues:  the corrective amendment filed after the claims bar date does not relate back to the original version, so the court should disallow the amendment as untimely.  When the smoke (and the mirrors) clear, Mr. Maloy claims that DVR has forfeited its right to payment and lien due to the single erroneous digit on the first claim document.

As DVR points out, its counsel filed the original Proof of Claim (Claim No. 3-1) in the correct claims register and the well-documented claim form certainly gives notice to Mr. Maloy and other interested parties of the premises and the amount of DVR's claim.  Moreover, as DVR argues, courts routinely allow creditors to amend proofs of claim, even after the claims bar date, employing relation-back principles akin to Rule 15(c), and they invariably permit amendments to cure technical defects in the original claim.  *In re Galindez*, 514 B.R. 79, 88 (Bankr. P.R. 2014) ("Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim.") (citing *In re Hemmingway*, 954 F.2d 1, 10 (1st Cir. 1992)).

In considering whether to permit amendments to proofs of claim, courts generally employ a two-part test:  "(1) was a timely similar claim asserted against the bankruptcy estate by a formal proof of claim or informal proof of claim; and (2) is it equitable to permit the amendment."  Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 284.1, at ¶ 3 (collecting

cases).  DVR's amended claim easily passes the test.  Indeed, the court regards the error in the caption as harmless, which Rule 9005 directs the court -- and Mr. Maloy -- to disregard.  Fed. R. Bankr. P. 9005.  There is nothing inequitable about permitting DVR to amend its original claim form to correct the case number.

      D.       Challenge to the Substance of DVR's Proof of Claim

Mr. Maloy's principal challenge to DVR's Proof of Claim involves legal and factual errors he contends the Oceana County Circuit Court made in rejecting his various defenses in the pre-bankruptcy foreclosure proceedings.  For example, he argues that the assessments (and liens) are barred by the statutes of limitations or laches (citing Michigan's marketable title statutes and caselaw); he contends that DVR sued the wrong person or sued him in the wrong capacity as trustee of the incorrect trust; he alleges that DVR's lawyer has a disabling conflict of interest, and so does the presiding judge -- she is supposedly biased as a cousin to DVR's counsel by marriage.  In short, he raises a host of challenges here, as he did (except as to bias), unsuccessfully, in the state court.

Before and during the hearing on the Objection, the court discussed the Judgment and its possible effects on this proceeding, whether under the *Rooker-Feldman* doctrine or sundry preclusion doctrines.  As noted above, the court lacks power to vacate or modify the Judgment (as Mr. Maloy asked in some parts of his voluminous filings), but as the Sixth Circuit recently held, challenges in federal court that merely undermine an earlier state court judgment implicate only preclusion doctrines under the Full Faith and Credit statute, not the court's jurisdiction.  *HPIL Holding, Inc. v. Zhang*, 168 F.4th 944, 951 (6th Cir. 2026); *see also University of Maryland Medical System Corporation*, 146 S. Ct. at 1752.

Therefore, to the extent the Objection seeks *not to reverse or vacate* the Judgment but

simply to attack it collaterally, the court has jurisdiction to consider Mr. Maloy's arguments regarding the Judgment's preclusive effect. Nevertheless, most of Mr. Maloy's arguments must fail under the Full Faith and Credit Statute and Michigan's claim preclusion or *res judicata* doctrine, at least to the extent DVR relies on the Judgment. *See* 28 U.S.C. § 1738.

The Judgment, entered against Mr. Maloy "individually and as trustee of the Patrick Maloy Trust," awarded DVR $20,287.50 (unpaid association dues and late fees), $733.51 in court costs, $30,152.00 in attorneys' fees, and $1,617.61 in statutory interest, for a total amount due of $52,790.62 (the "Judgment Amount"). In addition to the Judgment Amount, however, DVR also seeks to recover the amounts it sought to add to the Judgment by filing its motion to amend the Judgment, specifically an additional $3,566.91 in dues and assessments, $85.00 in court costs, $9,712.00 in attorneys' fees, and $790.68 in statutory interest, for supplemental charges totaling $14,154.59 (the "Pre-Judgment Supplement").

DVR's Proof of Claim enjoys not only the federal presumption just mentioned, but also presumptions under Michigan law to the extent the Judgment recognizes and memorializes DVR's claim.[4] Most generally, Michigan law raises a presumption "of the regularity of all proceedings prior to, and including the making of such order, judgment or decree." M.C.L. § 600.2106. Thus, even assuming the court had appellate jurisdiction to review the Judgment and proceedings of the Oceana County Circuit Court as Mr. Maloy requests (notwithstanding the *Rooker-Feldman* doctrine), he would have to overcome the presumption of regularity supporting the Judgment anchoring DVR's Proof of Claim.

Second, and more specifically, that same statute provides that the Judgment is "prima facie

---

[4] DVR's Proof of Claim, as discussed above, includes not only the Judgment, but additional prepetition attorneys' fees, interest, and HOA assessments. To the extent the Proof of Claim is based on the Judgment, DVR enjoys Michigan's presumption, but the additional attorneys' fees, interest and HOA assessments included in the Pre-Judgment Supplement (and otherwise) do not.

evidence of … all facts recited therein," a statute which the federal courts must honor under 28 U.S.C. § 1738. *Dubuc v. Green Oak Township*, 312 F.3d 736, 745 (6th Cir. 2002).

In addition to the statutory protection of former judgments, Michigan courts have "adopted a broad application of *res judicata* that bars claims arising out of the same transaction that plaintiff could have brought but did not." *Id.* at 747 (quoting *Bergeron v. Busch*, 579 N.W.2d 124, 126 (Mich. Ct. App. 1998)). In Michigan, claim preclusion has the following elements: (1) the first action must have resulted in a decision on the merits; (2) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been raised in the first action through reasonable diligence of the parties; and (3) both actions must be between the same parties, or their privies. *Sloan v. City of Madison Heights*, 389 N.W.2d 418, 422 (Mich. 1986).

Michigan's version of claim preclusion bars relitigating not only the claims that were already litigated but every claim arising from the same transaction that the parties exercising reasonable diligence could have raised but failed to do so in the prior action. *C-Spine Orthopedics, PLLC v Progressive Mich. Ins. Co.*, 12 N.W.3d 20, 25 (Mich. Ct. App. 2023); *Dubuc*, 312 F.3d at 747 (citing *City of Madison Heights*, 389 N.W.2d at 422); *Banks*, 2026 WL 1682163, at *3. And Michigan's preclusion law bars relitigating not only claims *but also* defenses, whether raised or not, in the first court:

> The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the *parties*, exercising reasonable diligence, might have brought forward at the time.

*City of Detroit v. Nortown Theatre, Inc.*, 323 N.W.2d 411, 414 (Mich. Ct. App. 1982) (emphasis added and citation omitted); *see also Barris v. Emmons*, 139 N.W. 872, 873 (Mich. 1913) (litigants

estopped from asserting fraud as defense in later action where they asserted or could have asserted fraud as a defense in earlier action).

Here, as noted at the outset, DVR's Proof of Claim depends largely on the Judgment, representing the same transaction or universe of issues the same parties presented to the Oceana County Circuit Court. And, contrary to Mr. Maloy's argument, Michigan courts apply *res judicata* to all final judgments, including those subject to further appeal because "the longstanding rule in Michigan is 'that a judgment pending on appeal is deemed *res judicata*.'" *City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123, 127 (Mich. Ct. App. 1970) (quoting 14 Michigan Law & Practice Judgment, § 176, p. 620).

Moreover, Mr. Maloy's criticism of DVR's state court counsel and his relationships (either as his former counsel or regarding his relationship as a "cousin by marriage" to the state court judge) do not, in this court's view, rebut the presumption of regularity under M.C.L. § 600.2106 or lead to the conclusion that his opportunity to litigate his defenses in state court was less than full or fair. He raised DVR's counsel's supposed conflict of interest based on counsel's former involvement with a different proceeding involving Mr. Maloy, which counsel denied, and the state court rebuffed the challenge. Indeed, Mr. Monton emphasized that Mr. Maloy "has never been a client" and that "[he] had never met or heard of Mr. Maloy until this case." Transcript of Sept. 15, 2025, Hearing Before the Hon. Susan K. Sniegowski ("Tr.") at 43:13, 43:15-16 (ECF No. 146-2). Although it does not appear that he sought recusal in the state court based on the supposed family ties between DVR's counsel and the state court judge, he could have raised the issue post-judgment, either before the trial or appellate court,[5] but he has evidently elected to run them up the

---

[5] Mr. Maloy's chapter 13 filing automatically stayed his appeal of the Judgment. *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62 (6th. Cir. 1983). The court has said several times that Mr. Maloy may easily seek relief from the automatic stay to pursue his appeal in the Michigan Court of Appeals.

flagpole in bankruptcy court instead.

In Michigan, however, the "full and fair opportunity" prong of the claim preclusion doctrine does not divorce original from appellate proceedings:  "[t]he general rule permits re-litigation when '[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action...'" *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 847 (Mich. 2004) (quoting Restatement (Second) of Judgments, § 28(1) (1982)).  But where, as here, the party seeking to relitigate a claim or defense has voluntarily relinquished appellate rights, he has had a full and fair opportunity sufficient to preclude a second bite at the apple.  *Id*.

Because the  Judgment rejected Mr. Maloy's challenges premised on the supposed conflict of interest of Mr. Monton, the various statutes of limitation, debt collection statutes, and a cornucopia of other issues Mr. Maloy either could have raised or in fact raised unsuccessfully in the state court proceeding, this court cannot permit him to relitigate them in the context of his Objection to DVR's claim.  The Judgment estops him from relitigating those issues in support of his Objection, at least to the extent of the Judgment Amount.

In the "sauce for the goose" department, however, the court notes that the Oceana County Circuit Court refused to add the Pre-Judgment Supplement to the Judgment Amount.  *See* Oceana County Circuit Court Order dated September 15, 2025 (ECF No. 71, Exh. U, the "September Order").[6]  With some irony (given DVR's reliance on the preclusive effect of the Judgment in support of its Proof of Claim), Mr. Maloy argued during last week's hearing that if the Judgment precludes him from challenging the Judgment or the Judgment Amount, the September Order precludes DVR from seeking to recover the Pre-Judgment Supplement as part of its Proof of Claim. He makes a good point.

---

[6] In addition to the Judgment Amount and the Pre-Judgment Supplement, the Proof of Claim also includes charges incurred after the September Order, specifically $3,968.54 (the "Post-Judgment Supplement").

In response, DVR's counsel argued that her client has a statutory right to collect the assessments and, for that matter, attorneys' fees (included as part of the lien under the by-laws), all of which appears to be true. The problem is, as Mr. Maloy points out, DVR presented its Pre-Judgment Supplement to the Oceana County Circuit Court, and the court rejected it by entering the September Order. Mr. Maloy's preclusion argument last week prompted this court to ask DVR to supplement the record in this contested matter with a copy of its Motion to Amend the Judgment of Foreclosure and a complete transcript of the hearing before Judge Sniegowski regarding that motion. DVR timely complied. *See* Supplemental Filing (ECF No. 146).

From the Supplemental Filing, it is clear that, in support of the motion to amend before Judge Sniegowski, DVR's counsel cited M.C.R. 2.612(A) (governing correction of "Clerical Mistakes") and Mr. Maloy argued, successfully, that amending the Judgment to include the Pre-Judgment Supplement was hardly clerical. *See* Tr. at 35:22-24, 51:8 - 52:1. Judge Sniegowski agreed with Mr. Maloy and entered the September Order, stating that "the plaintiff's [DVR's] motion to amend the judgment is denied in its entirety." September Order at ¶ 2. The written order reflects the oral ruling on-the-record that Judge Sniegowski did not "see any authority" for increasing the Judgment. By entering that order, the judge also denied DVR's request for attorney's fees -- fees DVR recently included within the Proof of Claim. Tr. at 69:3-11.

Although the court is inclined to agree with DVR that, but for the September Order, it would have the right to collect the Pre-Judgment Supplement,[7] Judge Sniegowski saw things

---

[7] The delay between the Oceana County Circuit Court's summary disposition ruling and entry of the Judgment created risks for DVR, which that court could have mitigated under the court rules or some other authority, but it declined to do so. *See, e.g.,* M.C.L. § 600.3165 (providing additional relief for defaults subsequent to the judgment or installments not due at the time of the judgment); M.C.R. 2.118 (amended or supplemental pleadings); M.C.R. 2.601(A) (except for default judgements, Michigan courts may grant the relief a prevailing party is entitled to in a final judgment even if that party never demanded it in the pleadings.). Irrespective of how a later court might have ruled, the decision of the earlier court on an issue that a litigant raised or could have raised in the first court is presumptively entitled to preclusive effect in accordance with the law of the rendering state. 28 U.S.C. § 1738.

differently, likely given counsel's reliance on the wrong court rule. Nevertheless, the September Order, like the Judgment to which it relates, deserves full faith and credit in this court. As the United States Supreme Court stated long ago, "the general and well-settled rule [is] that a judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided, whether the decision be right or wrong." *Reed v. Allen*, 286 U.S. 191, 201 (1932). Just as the court will not second-guess the Judgment, it will not second-guess the September Order, so it will sustain the Objection to the extent it challenges the Pre-Judgment Supplement. In the several months between entry of the September Order and the filing of Mr. Maloy's chapter 13 petition, DVR might have sought reconsideration from Judge Sniegowski or sought review of the September Order in the Michigan Court of Appeals, but it did not. Like Mr. Maloy, DVR must live with the rulings of the Oceana County Circuit Court.[8]

With respect to the balance of the Proof of Claim (the Post-Judgment Supplement not addressed in either the Judgment or the September Order), these amounts clearly post-date both orders and therefore are not part of the "thing adjudicated" or *res judicata.* They are presumptively allowed, and Mr. Maloy has given the court no reason to disallow them. The HOA charges seem regular and consistent with the by-laws and the attorneys' fees appear reasonable under the lodestar analysis, particularly given Mr. Maloy's litigious approach to the controversy.

## IV.   CONCLUSION AND ORDER

The Judgment awarded DVR a claim against Mr. Maloy, individually, for $52,790.62, which the court is bound to respect under Michigan's principles of claim preclusion and the Full Faith and Credit Statute. The Proof of Claim, which enjoys a presumption as to validity and

---

[8] In reaching today's decision, the court is mindful that the parties may, assuming relief from the automatic stay, return to the state court fray, and that developments in that court may serve as a basis for revisiting today's ruling under § 502(j). These questions, however, are for another court and another day.

amount, includes amounts in addition to those the state court included in the Judgment, generally for post-judgment attorneys' fees and assessments. Mr. Maloy, with his hands tied by the preclusive effect of the Judgment, has not rebutted the presumption with respect to the Judgment Amount or the Post-Judgment Supplement, but he has successfully hoisted DVR on its own petard with respect to the Pre-Judgment Supplement. Accordingly, the court will overrule the Objection in part and sustain it in part.

Although the parties may be unhappy, and stuck, with the Judgment given its preclusive effects, and although they might obtain relief from the automatic stay to return to the state courts, the bankruptcy courts in general, and chapter 13 in particular, provide a ready forum for negotiation, keeping in mind not just the rights of the parties, but also their interests -- including their common interests in their autonomy and in minimizing the costs of resolving their dispute. The court again encourages the parties to discuss settlement and reach a resolution of their own making, free from the risk of judicial error. Absent agreement, however, today's order, whether correct or mistaken, will stand as the court's resolution of this contested matter.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection to DVR's Proof of Claim is OVERRULED IN PART AND SUSTAINED IN PART: DVR's Proof of Claim is ALLOWED in the amount of $56,759.16 and DISALLOWED in the amount of $14,154.59.

IT IS FURTHER ORDERED that the Clerk shall serve this Memorandum of Decision and Order pursuant to Rule 9022 and LBR 5005-4 upon the Debtor, Elizabeth Clark, Esq., chapter 13 trustee, the United States Trustee, April Hulst, Esq., and all parties listed on the mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 29, 2026**



_____
Scott W. Dales
United States Bankruptcy Judge